# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

SAO J. LIU, et al.                                    *
                                                      *
Plaintiffs                                            *          **Civil No. 97-2924(SEC)**
                                                      *
v.                                                    *
                                                      *
MARGARITA J. RUIZ-VELEZ, et al.                       *
                                                      *
Defendans                                             *
*************************************

## OPINION AND ORDER

        Before the Court is Defendant Marla Cruz Quinones' motion requesting summary judgment **(Docket # 42)**, which Plaintiffs duly opposed **(Docket # 45)**. For the reasons set forth below, Defendant's motion is **DENIED**.

### Background

        On December 30, 1997, Sao J. Liu, Sao C. Liu and Sao Yun Liu, on their own behalf and as the heirs of Chih Yun Lin Liu, filed the instant action against Margarita Ruiz Velez and Miguel Olmedo Ramirez. Their complaint alleged that on the evening of January 21, 1997, at approximately 7:12 p.m., Mrs. Chih Yun Lin Liu, was hit and killed by a Nissan Pathfinder with license plate number 436-348, while crossing Ponce de León Avenue in San Juan, Puerto Rico. Liability against Ruiz Velez was claimed on her alleged negligent operation of the automobile, which struck and killed Mrs. Chih Yun Lin Liu. Moreover, the complaint alleged that as owner/lessee of the vehicle involved, Olmedo Ramirez was jointly and severally liable for Mrs. Chih Yun Lin Liu's death. (Docket # 1).

        On February 18, 1999, Plaintiffs filed an amended complaint naming Marla Cruz Quinones as a Defendant, because further investigation indicated that she was the owner/lessee of the Nissan



Pathfinder involved in the accident. (Docket # 14A). As such, Plaintiffs voluntarily dismissed their

claim against Olmedo Ramirez. (Docket #10). Olmedo Ramirez's exodus was only temporary,

because on August 31, 1999, he was summoned again by Cruz Quinones' by way of a third-party

complaint. (Docket #48). In the third-party complaint, Cruz Quinones makes the following

allegations with regard to her ownership of the Nissan Pathfinder involved in the accident:

4.    At all times pertinent hereto, the Nissan Pathfinder was owned, possessed, controlled and operated by and for the exclusive benefit of third party defendant Edgardo Benjamin Otero Rivera, who originally bought the vehicle when he was married to the appearing party and registered the same in her name, in order to take the opportunity of lower financing interest rates to which she was entitled as a bank employee.

5.    On or about the month of October, 1996, the appearing party and Otero Rivera separated and agreed to get divorced. At that time, they initiated the divorce proceedings, which were not terminated until April 30, 1998.

6.    During the period of time the appearing party and Otero Rivera were separated, he continued to use the Nissan Pathfinder.

7.    On or about January 21, 1997, third party defendant Otero Rivera lent the Nissan Pathfinder to codefendant Margarita Ruiz Velez and directly authorized her for the use of the vehicle. She was later involved in an automobile accident, [the] object of the original amended complaint.

8.    In the Divorce Stipulation agreed upon and signed by the appearing party and third party defendant Otero Rivera on April 30, 1998, Otero Rivera specifically assumed the responsibility of all costs, attorneys fees and potential financial liability by reason of the accident involving the aforementioned Nissan Pathfinder.

9.    On July 31, 1997, the appearing party and Otero Rivera signed a vehicle title transfer on the Nissan Pathfinder to the appearing party Cruz Quinones' name, so that said vehicle be registered with the local Puerto Rico Transportation Department, as they had originally agreed upon when the vehicle was purchased and when they separated in October of 1996.

10.   The appearing party Marla Cruz Quinones did not have possession or control of the vehicle at the time of the accident and consequently had no

participation or intervention with the lending of the Nissan Pathfinder to codefendant Margarita Ruiz Velez.

(Docket #48).  Cruz Quinones' motion for summary judgment recapitulates the salient facts contained in her third-party complaint and asks the Court to relieve her from any and all liability which may result from the accident of January 21, 1997.  (Docket #42).

**Applicable Law/Analysis**

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim... is asserted... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28 (1st Cir. 1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2725, p.401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine", there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st. Cir. 2000); see also Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996); Medina Muñoz v. R.J. Reynolds Tobacco, 896 F.2d 5, 8 (1st Cir. 1990) ("A 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a

rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. Santiago- Ramos, 217 F.3d at 52; see also Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, supra, § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." Martínez v. Colón, 54 F.3d 980, 983-984 (1st Cir. 1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994). Summary judgment "admits of no room for credibility determinations, not room for the measured weighing of conflicting evidence such as the trial process entails." Id. (citing Greensburg v. Puerto Rico Maritime Shipping Authority, 835 F.2d 932, 936 (1st Cir. 1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machines, 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the nonmoving party's case", Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1984); **the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions."** Lawton v. State Mutual Life Assurance Company of America, 101 F.3d 218, 223 (1st Cir. 1996). Furthermore, "the nonmovant must produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue... Failure to do so allows the

summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d

355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment

proponent to configure the record is likely to prove fraught with consequence."); Medina Muñoz,

896 F.2d at 8, quoting Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)

("The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have

substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

Defendant Cruz Quinones claims that she is entitled to summary judgment even though at

the time of the accident the Nissan Pathfinder was registered in her name. She points to the

subsequent registry of the vehicle in Otero Rivera's name, and maintains that because she and Otero

Rivera were separated and no longer living together when the accident occurred, she should be

relieved of any liability. Moreover, Cruz Quinones states that her former spouse, Otero Rivera, had

entered a new relationship with Ruiz Velez, and that he consented to and authorized Ruiz Velez's

use of the vehicle on the evening of the accident. Finally, Cruz Quinones points to her divorce

stipulation with Otero Rivera, dated April 30, 1998, whereby Otero Rivera agrees to assume the

responsibility of all costs, attorney's fees and potential financial liability resulting from the accident

involving the Nissan Pathfinder. Synthesizing these facts, Cruz Quinones believes that since she was

unaware of and did not specifically authorize Ruiz Velez's use of the vehicle, she should be relieved

from liability. (Docket #42, at 8).

Plaintiffs maintain, on the other hand, that Cruz Quinones is not entitled to summary

judgment on the claim regarding the ownership of the Nissan Pathfinder. They begin by noting that

the Nissan Pathfinder was registered in Cruz Quinones' name at the time of the accident. Moreover,

they emphasize the fact that at the time of the accident Cruz Quinones and Otero Rivera were

separated but remained legally married. Finally, Plaintiffs believe there is a genuine issue concerning Cruz Quinones' vicarious liability, because her then husband Otero Rivera, who was authorized to use, operate, and possess the Nissan Pathfinder, subsequently authorized Ruiz Velez's use of the vehicle on the date of the accident.

This case calls to question Puerto Rico Vehicle and Traffic Law sec. 13-101 (9 P.R. Laws Ann. § 1751), which provides that the owner of a motor vehicle is liable for the damage and loss caused, through fault or negligence, by the operation of such vehicle, if the driver obtained possession of the same by express or tacit authorization of the owner. See Nieves Velez v. Bansander Leasing Corp., 136 P.R.R. 827, 1994 WL 909627 (1994). "Pursuant to said section, vicarious liability arises when two essential elements are established by the court: (1) who is the owner of the vehicle; and (2) if the person who had control of the vehicle had obtained possession of the same by authorization of the owner. In elucidating these two matters . . . we are bound by the rule that compels us to liberally construe the provisions of sec. 13-101 in favor of the liability it imposes." Id. citing Vargas Vargas v. Belthor Caceres Corp., 90 P.R.R. 36 (1964).

The first element of the test determines who is the "actual owner of the vehicle." Therefore, our "analysis of this first issue must necessarily begin with the provisions of Vehicle and Traffic Law sec 1-123, which expressly state that, for the purposes of this special law, the owner of a vehicle is the "natural or artificial person in whose name a vehicle is registered in the Department [of Transportation and Public Works]." Id. In her reply brief (Docket # 53), Cruz Quinones argues that vehicle registration merely creates the presumption of ownership, and that she has offered sufficient evidence to overcome the presumption. Her position is correct in that "the presumption of ownership arising from the registration of the vehicle may be rebutted by 'strong proof, sufficient

to satisfy completely the judicial conscience'." Id. citing Munoz Melendez v. Farmer, 104 D.P.R.

297 (1995); Perez V. Concepcion, 104 D.P.R. 83 (1975); Diaz Caceres v. Berrios, 100 P.R.R. 740

(1972); Yordan v. Rios, 68 P.R.R. 241 (1948). However, the presumption is usually rebutted "when

the person registered as the owner of a vehicle has sold it to another person who has not yet

registered the vehicle in his name. In such cases, the presumption of ownership may be rebutted

with regard to the previous owner, in whose name the vehicle is still registered." Id.

In this case neither party argues that a sale or transfer of title of the Nissan Pathfinder

occurred prior to the date of the accident. In fact, both Plaintiffs and Defendant agree that the Nissan

Pathfinder was registered in Cruz Quinones' name at the time of the accident. (Docket #42, at 4;

#45, at 5). Notwithstanding this fact, Cruz Quinones' attempts to create a legal distinction between

her role as the registered owner of the vehicle, and Otero Rivera's role as the "actual" owner and

possessor of the vehicle. Although this is a creative argument, unfortunately for Cruz Quinones, the

"contention is groundless, [because] [n]othing in the Vehicle and Traffic Law or in the Civil Code

is suppletorily applicable to this situation . . . and neither is there anything in our case law that allows

for such a distinction." Id. (internal citations omitted). In fact, the required result is quite to the

contrary, as "an analysis of the pertinent sources of our legal system unmistakably leads to the

conclusion that [the registered owner] was the actual owner of the vehicle. The strong presumption

of ownership established by the Vehicle and Traffic Law is thus consolidated." Id. Thus, we agree

with Plaintiffs that on December 30, 1997, Cruz Quinones was the "owner" of the Nissan Pathfinder

involved in the accident.

To complete our analysis, we must also determine whether Ruiz Velez, who had "control"

of the vehicle at the time of the accident, had obtained possession of the same by authorization of

Civil No. 97-2924(SEC)                                                                                          8

the owner, Cruz Quinones. The law with regard to this issue is also controlled by 9 P.R. Laws Ann.

§ 1751, and was explained by the Supreme Court of Puerto Rico in the case of <u>Cordero Santiago v.</u>

<u>Lizardi Caballero</u>. 89 P.R.R. 148 (1963). In that case, the Court held that:

> (1) . . . the controlling basic fact of liability is that the possession has been obtained
> by the express or implied authorization of the owner; (2) the owner of the vehicle
> could not enervate his legal liability in the event that whoever obtained the
> possession in the aforestated manner, violated the limitations imposed on the manner,
> time, place, and purposes of the authorization; (3) the construction and application
> of the rule should respond to the primary purpose of protecting the injured innocent
> parties.

Critical to our analysis of this issue is the Courts' interpretation of the terms authorized and

possession. Cruz Quinones believes that the holding in <u>Cordero Santiago</u> should relieve her of

liability because she never expressly authorized Ruiz Velez possession of the Nissan Pathfinder. In

effect, she believes that <u>Cordero Santiago</u> shifts the liability to Otero Rivera, who admittedly

authorized Ruiz Velez possession of the vehicle on the day of the accident.[1]

In their opposition to Cruz Quinones' motion for summary judgment, Plaintiffs argue that

Defendant misreads <u>Cordero Santiago</u>, and that the case of <u>McGee Quinones v. Palmer</u>, 91 D.P.R.

464 (1964), is controlling. In <u>McGee</u>, the Supreme Court once again faced the issue of vicarious

liability involving an automobile, and took the opportunity to further clarify its holding in <u>Cordero</u>

<u>Santiago</u>. In <u>McGee</u> the owner of a vehicle took his car to a service station to be washed, lubricated,

and repaired. He instructed the service station owner's son to deliver the automobile to his residence

after the repairs were completed. Instead of delivering the car, the service station owner's son lent

---

[1]    There is no issue as to this fact, as Cruz Quinones admitted in her submission of
uncontested material facts " . . . that on or about January 21, 1997, Otero Rivera lent the Nissan
Pathfinder to co-defendant Ruiz Velez and directly authorized her for the use of the vehicle."
(Docket # 42, Material Fact 2.8)

the car to a third party, who negligently drove the vehicle injuring the plaintiff. The injured party

sued the owner of the automobile under a theory of vicarious liability. In his defense, the owner of

the vehicle, like Cruz Quinones, attempted to escape liability by arguing that he had not authorized

such a use of his car. Id.

However, the Supreme Court of Puerto Rico did not agree with the owner of the vehicle and

found civil liability against him. The Court reasoned that the permission given by the owner of the

vehicle to the service station owner's son, was equivalent to the authorized possession of the vehicle

by the third party who negligently drove the vehicle, injuring the plaintiffs. Id. The Court further

explained that "considering the purpose of the law of protecting [innocent parties] . . . the fact that

a vehicle is driven by a third person with the authorization of the person to whom the vehicle was

entrusted is equivalent to the possession by the authorization of the latter." Id. Pursuant to the

holding in McGee, we agree with Plaintiffs that Cruz Quinones tacitly agreed to Ruiz Velez's

possession of the vehicle by expressly consenting to Otero Rivera's continuous possession of the

same. Therefore, we agree with Plaintiffs that Cruz Quinones is not entitled to summary judgment

dismissing the action against her.[2]

**Conclusion**

For the reasons set forth above, Defendant Cruz Quinones's motion for summary judgment

---

[2] Although Cruz Quinones is not entitled to summary dismissal of Plaintiffs' claims against her, she is correct in that she may indeed be entitled to recovery against Ruiz Velez and/or Otero Rivera, if she is ultimately held vicariously liable. So much is explicitly stated in the divorce stipulation between Cruz Quinones and Otero Rivera. Moreover, the proposition is provided for in the Puerto Rico Supreme Court's holdings of Cordero Santiago and McGee, which state that "[s]uch fact[s] may give rise to a claim of the owner against the person for whose negligence he is bound to answer, but it is inoperative as to third parties." 91 P.R.R. 450.

**(Docket #42) is DENIED.**

       **SO ORDERED.**

In San Juan, Puerto Rico, this _28 7th_ day of  March, 2001.

                                 SALVADOR E. CASELLAS
                                 United States District Judge

s/cc:to ( 3 )
attys/pts
in ICMS
MAR 3 0 2001