## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

SAO LIU, et al.    *

  *

Plaintiffs   *

  *   **Civil No. 97-2924(SEC)**

v.   *

  *

MARGARITA RUIZ-VELEZ, et al.   *

  *

Defendants   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPINION AND ORDER

Before the Court is Defendant Marla Cruz Quinones' motion requesting reconsideration **(Docket #73)** of the Court's Opinion and Order denying her motion for summary judgment. (Docket #72). For the reasons set forth below, Defendant's motion for reconsideration is **DENIED**.

### Background

On March 30, 2001, in an Opinion and Order the Court denied Cruz Quinones' motion for summary judgment. After considering her arguments and Plaintiffs' opposition, the Court concluded that: (1) on the date of the accident giving rise to this suit, Cruz Quinones was the registered owner of the Nissan Pathfinder involved in the incident, and (2) Cruz Quinones failed to offer sufficient proof to rebut the presumption of ownership created under the laws of the commonwealth.[1]

### Standard for Reconsideration Motions

Motions for reconsideration are entertained by courts if they are (1) attempting to correct manifest errors of law or fact, (2) presenting newly discovered evidence, or (3) when there is an

---

[1] Defendant correctly points out that the Court made an error on the second page of its Opinion and Order when it mistakenly referred to Olmedo Ramirez as the party against whom Cruz Quinones filed the third-party complaint. The third-party complaint was filed against Edgardo Benjamin Otero Rivera.



AO 72A
(Rev.8/82)

intervening change in the law. Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25,

29 (1st Cir.1994) (citing F.D.I. Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992)).

Motions for reconsideration should not be used by a disgruntled party to reargue the same

contentions, or to set forth existing legal theories that could have been raised earlier. See Agola v.

Hagner, 678 F.Supp. 988, 991 (D.C.N.Y.1987); see also Davis v. Lukhard, 106 F.R.D. 317

(E.D.Va.1984) (a motion for reconsideration cannot be used "to reargue matters already argued and

disposed of nor to put additional arguments which could have been made but neglected to make

before judgment").[2]

**Discussion**

In her motion for reconsideration, Cruz Quinones first argues that a distinction between the

"registered" and "actual" owner of a motor vehicle is recognized under Puerto Rico law, and that

distinction relieves her of liability in this case. In support of this argument, Defendant cites the case

of Rodriguez v. Ubarri, 142 D.P.R. 168 (1996). In Rodriguez, Lourdes Ubarri was driving a vehicle

that was purchased by Vladimir Miranda but registered in the name of his sister Carla Miranda.

While driving the vehicle, Ubarri had an accident and injured plaintiff Rodriguez. Rodriguez sued

Ubarri, and the Miranda siblings, but Carla Miranda objected to her liability by arguing that, although

the car was registered in her name, she was not the owner of the car. The Supreme Court of Puerto

Rico agreed with Carla Miranda, and relieved her of liability. Critical to the court's decision was

the fact that Vladimir Miranda had purchased the vehicle and secretly registered it in his sister's

name without her knowledge or permission because he was in the process of a divorce. Therefore,

---

[2]Although the Court believes that the arguments presented in this motion for
reconsideration either were or should have been made in the motion for summary judgment, we
will rule on the merits of Defendant's claims.

Carla Miranda did not know her name was on the registry at the Department of Motor Vehicles until she was named in the lawsuit. Id. The court concluded that this was a case of forgery of a signature, and that the falsification on the registration was void.

We begin by first noting that Defendant misreads the Rodriguez case as creating a distinction between the "registered" and "actual" owner of a vehicle. In fact, the court held just the opposite by relieving Carla Miranda of liability and recognizing the liability of her brother as the legal owner of the vehicle. As previously explained, the court determined that Vladimir was the "legal" owner of the vehicle because he had purchased, used and registered the car, and that the registry of Carla's name was void. The case at bar does not present a similar factual situation since Cruz Quinones readily admits that the Nissan Pathfinder was registered in her name so that she and her husband could obtain a better financing deal. Thus, Cruz Quinones' reliance on Rodriguez is misplaced.

Cruz Quinones also argues that the Court construed the evidence offered to rebut the presumption of ownership too narrowly. The Court will briefly summarize the evidence presented by Cruz Quinones in her motion for summary judgment. First, Cruz Quinones claims that her husband always acted as if the Nissan Pathfinder was his because he paid for it and drove it, even after the couple separated. In addition, upon the couple's separation in 1996, they agreed to transfer the ownership papers of the vehicle to Otero Rivera's name. While no formal transfer of title occurred between the couple's separation and divorce, in the divorce decree Otero Rivera agreed to transfer the vehicle's title from Cruz Quinones to his own. In addition, Otero Rivera agreed to assume the financial responsibility for the consequences of the accident giving rise to this suit.

Assuming that all of Cruz Quinones' averments are truthful (we should add that the Court has no reason to doubt their validity) the fact remains that on the date of the accident, Cruz Quinones

Civil No. 97-2924(SEC)                                                                    4

was the registered owner of the Nissan Pathfinder.  Moreover, the private agreements between her

and Otero Rivera prior to the final decree of divorce have no affect on Cruz Quinones' liability to

Plaintiffs.  See Munoz Melendez v. Kelly Farmer, 104 P.R. Offic. Trans. 417 (1975)(holding that

private agreement or contracts for the sale or transfer of a vehicle have no judicial efficacy until

perfected pursuant to law).  Therefore, Cruz Quinones' motion for reconsideration is **denied.**

### Conclusion

For the reasons set forth above, Cruz Quinones motion for reconsideration **(Docket #73) is**

**DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, this *29* *TH* day of June, 2001.

SALVADOR E. CASELLAS
United States District Judge