IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAO J. LIU, et al. | |
| Plaintiff | |
| v. | Civil No. 97-2924(SEC) |
| MARGARITA RUIZ-VELEZ, et al. | |
| Defendant | |

**ORDER**

Before the Court are Co-Defendants Margarita Ruiz Velez and Edgardo B. Otero Rivera's *pro se* motions to dismiss for Plaintiffs' alleged failure to prosecute. **(Docket ##94 & 95).** In their motions, Defendants allege "[t]hat Plaintiffs have failed to handle this case expediently, disregarding this Honorable Court's duty to take very seriously the schedule[sic] course of litigation and its discretion to impose sanctions for failure to comply with Court orders." These motions will be **DENIED.**

Defendants' motions, although lacking a specific reference to the Federal Rules of Civil Procedure, are likely made pursuant to Fed. R. Civ. P. 41(b). Defendants are correct that Rule 41(b) allows the Court, in its discretion, to dismiss any or all of a plaintiff's claims for a failure to act diligently or for disobeying a court order. However, the Court will definitely not be exercising its discretion in favor of Defendants Ruiz Velez and Otero Rivera, who the Court believes have purposefully used the fact that they are proceeding *pro se* to stall and disrupt Plaintiffs' good faith efforts to prosecute this case in a timely fashion. In addition, since it finally appears that Defendants have knowledge of the existence of the



Federal Rules of Civil Procedure, four years into this litigation, the Court would propound for their immediate perusal Fed. R. Civ. P. 16(f), which reads in pertinent part:

> If a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

The Court would also remind Defendants that today, on December 4, 2001 a status conference was celebrated in Chambers; and that ironically, the only party represented at the conference was the "less than expedient" Plaintiff. The Court can only wonder why the Defendants, who are now concerned with the pace of this litigation, would disregard a Court Order and fail to appear at a scheduled status conference.

**Conclusion**

Clearly, pursuant to Rule 16, and Defendants' dilatory tactics, it is them, and not Plaintiffs who would seem the more obvious target for sanctions. The Court concludes by reminding Defendants that, although they are appearing *pro se* in this litigation, they have a duty to follow **all** of the Court's rules and orders, and not just the ones which ultimately benefit them. The motions to dismiss are **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5TH day of December, 2001.

SALVADOR E. CASELLAS
United States District Judge

s/c: Margarita Luiz
Edgardo B. Otero
12/6/01